IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 95-31132
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBY KENNERSON,

Defendant-Appellant.

Appeal from the United States District Court for the
Western District of Louisiana
(CR-94-20023-01)

July 29, 1996

Before GARWOOD, WIENER and PARKER, Circuit Judges.[*]

PER CURIAM:

Petitioner-appellant Bobby Kennerson (Kennerson), now a
federal prisoner serving a federal sentence in the Federal Prison
Camp at El Paso, Texas, pleaded guilty in the court below, the
United States District Court for the Western District of Louisiana,
to Count I of a 16-count indictment, which charged him with

[*]Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

conspiracy to defraud the IRS in violation of 18 U.S.C. § 286. On December 22, 1994, the court below sentenced Kennerson "to be imprisoned for a term of thirty-three (33) months, to run concurrently with the [state] sentence the defendant is currently serving, with credit for time served." The court imposed a three-year term of supervised release. In written responses to Kennerson's sentencing objections, the court stated that it had imposed a concurrent sentence after "consider[ing] the policy statement of the . . . Sentencing Guidelines regarding the application of Section 5G1.3(c) . . . ." Kennerson did not file a direct appeal.

Between 1991 and 1993, Kennerson pleaded guilty to several offenses in Louisiana state court, involving theft, issuing worthless checks, and forgery. He was sentenced to several concurrent terms of imprisonment, each of which ran five or six years.

Kennerson left state prison on "good time release" on June 13, 1995, and began serving his federal sentence at the Federal Prison Camp in El Paso, Texas, where he still remains. On September 11, 1995, while thus confined in El Paso, he filed in the district court below the instant *pro se* "Motion of Defendant to Enforce Orders in Judgment and Commitment in Exigent," seeking his release from prison. He contended that he had served his federal sentence in its entirety, because the district court had "clearly stated"

2

that his federal sentence was to run concurrently with his entire state sentence and that, in receiving "credit for time served," he was to receive credit for *all* the time he spent in state custody, including that long predating his July 16, 1994, indictment on the federal charges.  The government argued that he was entitled only to credit for time spend in federal custody, dating from July 20, 1994.

The court denied Kennerson's motion by order dated October 12, 1995.  The court explained that when it ordered that Kennerson's "federal sentence run concurrently with his state sentence, this court merely allowed [him] to begin serving his federal sentence immediately while serving his state sentence, rather than commencing the federal sentence upon completion of the state sentence."

Kennerson now appeals.

The government contends, albeit for the first time on appeal, that the district court below lacked jurisdiction because Kennerson's claims address the computation and execution of his sentence rather than the validity of his conviction or sentence.

The issue of subject matter jurisdiction may be raised for the first time on appeal. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1180 (5th Cir. 1987), *cert. denied*, 493 U.S. 851 (1989).  "A claim for time served prior to the date of a federal sentence . . . must proceed via a petition for habeas corpus under 28 U.S.C. § 2241."

3

*United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989). A section 2241 claimant must bring his action in the district where he is incarcerated. *Id*. at 151-52. If the claimant files in another district, that court lacks jurisdiction over the petition. *Accord United States v. Gabor*, 905 F.2d 76 (5th Cir. 1990); *United States v. Brown*, 753 F.2d 455 (5th Cir. 1985). Accordingly, as Kennerson was seeking credit for time served in state prison and he is confined in El Paso and not the Western District of Louisiana, the district court below lacked jurisdiction over his motion. *See id*.

Kennerson's contention that the government is mischaracterizing his motion is meritless. The relief he was seeking in that motion—that the district court below "sustain" or "enforce" its sentence—was not available to him; the court below had no power to grant this relief. It was without jurisdiction to act on his motion.

Pursuant to *Brown, supra*, the district court's October 12, 1995, order is vacated and the matter is remanded to the district court with instructions to dismiss Kennerson's motion for lack of jurisdiction.

VACATED and REMANDED with instructions to DISMISS
for lack of jurisdiction